TOWN OF LYNDON *v.* NATHANIEL COOK.

Where, in an action of tort against several defendants, the plaintiff, on trial, voluntarily entered judgment in favor of one of the defendants and then called that defendant as a witness, and he testified, and a verdict was re-turned in favor of the other defendants, and thereupon the plaintiff entered a review of the case as to all the defendants, and, at the next term, the defendant, in whose favor judgment was voluntarily entered, moved to set aside the review as to himself, it was held, that there was no error in the county court, in overruling the motion.

IN this case, which was originally commenced against Cook and several other defendants, Cook filed a motion in the county court, alleging that at the preceding term of the court the plaintiffs volun-tarily directed judgment to be entered in his favor and then called him as a witness against the other defendants, that he testified, and a verdict was rendered in favor of the other defendants, and that the

plaintiffs then entered a review of the case as to all the defendants,—
and moving that the court should order his name stricken from the
docket and allow him  his just costs.

The county court,—REDFIELD, J., presiding,—overruled the mo-
tion, and the trial of the case proceeded, and a verdict was rendered
in favor of the other defendants, and against Cook.   Exceptions by
Cook. :

*C. Davis* for  defendant.

*T. Bartlett* for plaintiffs.

The opinion of the court was delivered by

ROYCE, J.   The case does not find, whether the facts set forth in
the motion were true; and hence we find some difficulty in treating
them *as facts*.   But, regarding them as such, we do not perceive
that the decision of the county court, in denying the motion, can be
pronounced erroneous.   Had the question been brought here, wheth-
er this defendant was legally required to testify for the plaintiffs on
the first trial, upon a separate judgment being entered for him, with-
out any waiver, by the plaintiffs, of their right to review as to him,
it would  doubtless have received a different  consideration.   But
without such waiver, or something on the record, showing that
judgment to have been final, the cause was equally reviewable against
this defendant, as against the others.

Assuming, then, that the motion truly sets forth  the proceedings
at the first trial, we can only say, it presents a case of irregularity,
and perhaps injustice, in regard  to this defendant;—but the irregu-
larity, being previous to the review, and not excepted to at the time,
is beyond the correction of this court.·

Judgment  of  county court affirmed.